UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03571-HDV-MBK | Date | January 9, 2026 |
|---|---|---|---|

| Title | Sergei Totskii v. Department of Homeland Security |
|---|---|

| Present: | Hon. Michael B. Kaufman, U.S. Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Petitioner: | Attorneys for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** ORDER DISMISSING PETITION WITH LEAVE TO AMEND (Dkt. 1) AND CONTINUING REQUEST TO PROCEED *IN FORMA PAUPERIS* (Dkt. 2)

This is a federal habeas corpus proceeding. On December 22, 2025, Petitioner, Sergei Totskii, constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. Petitioner also filed a request to proceed *in forma pauperis.* Dkt. 2. The Court conducted a preliminary review of the petition pursuant to Rule 4 of the Habeas Rules. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). For the reasons set forth below, the Court dismisses the Petition with leave to amend, and postpones ruling on Petitioner's Request to Proceed *in forma pauperis* for thirty days to allow Petitioner to provide additional information.

There are two primary issues with the Petition. First, the Petition does not state any basis for habeas relief. Habeas Rule 2(c) instructs that a petition must, among other things: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested." Here, the Petition does not set forth any claims for relief, the facts supporting the claims, or the relief requested. Petitioner's filing only includes copies of removal orders, medical records, and other documents. *See* Dkt. 1. Because the Petition does not comply with Rule 2(c) of the Habeas Rules, it is subject to dismissal. However, the Court will grant Petitioner an opportunity to amend the petition to cure these deficiencies. To assist Petitioner, the clerk will provide Petitioner with a form habeas petition that sets forth the information necessary to proceed with his claims.

Second, the Petition may have been filed in the wrong judicial district. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'"

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03571-HDV-MBK | Date | January 9, 2026 |
|---|---|---|---|
| Title | Sergei Totskii v. Department of Homeland Security | | |

*Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004) (quoting 42 U.S.C. § 2241 (a)). Therefore, habeas actions are generally properly filed in the district in which the petitioner is confined at the time of the filing of the petition. *Id.*

Here, it is unclear where Petitioner was confined at the time of the filing of the Petition. The documents included in Petitioner's filing indicate that he was at some point detained at the Adelanto Detention Center, which is in the Central District of California. However, Petitioner's address of record indicates that he is currently detained at the Otay Mesa Detention Center, in San Diego, California. The Otay Mesa Detention Center is located in the Southern District of California.

If Petitioner was detained at the Otay Mesa Detention Center at the time he filed the petition, this habeas case belongs in Southern District of California. Petitioner should therefore file any new habeas petitions in the Southern District. If, however, Petitioner was at Adelanto at the time he filed his initial habeas petition, he may file his amended petition in the Central District. The Court cautions Petitioner that if he files an amended petition in this District, and it does not clearly state that he was detained at Adelanto when he filed his initial petition, the Court may transfer the action to Southern District.

Accordingly, based on the foregoing, the Petition is dismissed, with leave to amend. The Court **ORDERS** the following:

1. Petitioner is **ORDERED** to file an amended petition or a voluntary notice of dismissal on or before **February 9, 2026** addressing the deficiencies identified in this Order**.**

2. **The Clerk is ORDERED** to provide Petitioner with a copy of the Central District's form petition for actions brought pursuant to 28 U.S.C. § 2241 as well as a copy of a Notice of Dismissal.

3. The Court's decision on Petitioner's application to proceed *in forma pauperis* (Dkt. 2) is **postponed** for 30 days to give Petitioner an opportunity to provide additional information. A separate order will follow.

Petitioner is warned that failure to the failure to file a timely response may result in a recommendation that the action be dismissed with prejudice for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03571-HDV-MBK | Date | January 9, 2026 |
| Title | Sergei Totskii v. Department of Homeland Security | | |

\*\*\*

     Petitioner is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Petitioner without filing and will not be considered by the Court**.

     1.    All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA  90012."  No documents or letters should ever be sent to the judge or the judge's staff.

     2.    Each document must include the title and case number (including judges' initials).  Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed 25 pages in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

     3.    Petitioner must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Petitioner should keep a copy of any document sent to the Court.

     4.    After any Respondent has filed an appearance in this action, Petitioner must file any future document with the Court and serve it on Respondent(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Petitioner must attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

At the top of the first page of any document sent to the Court, Petitioner must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Petitioner's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Petitioner fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03571-HDV-MBK | Date | January 9, 2026 |
| Title | Sergei Totskii v. Department of Homeland Security | | |

***A* party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se Petitioner at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.**

**IT IS SO ORDERED.**